1 | Mark D. Rutter (SBN 058194)
  | CARPENTER, ROTHANS & DUMONT
2 | 888 S. Figueroa St., Suite 1960
  | Los Angeles, California 90017
3 | Telephone:  (213) 228-0400
  | Facsimile:   (213) 228-0401
4 | mrutter@crdlaw.com

5 | Attorney for defendants
  | City of La Palma, La Palma Police Department, Officer Won Koh,
6 | Officer Brian Rapp and Officer Margaret Faust

7

8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| LOUIE FAGUNDES,                          ) | Case No.  SA CV14-00877 AG (JCGx) |
|                                          ) |                                   |
|                Plaintiffs,               ) |                                   |
|                                          ) |                                   |
| -vs-                                     ) | **PROTECTIVE ORDER**              |
|                                          ) | **GOVERNING POLICE**              |
| CITY OF LA PALMA; LA PALMA               ) | **PERSONNEL INFORMATION**         |
| POLICE DEPARTMENT; La Palma              ) |                                   |
| Officer Won Koh #277; La Palma           ) |                                   |
| Police Officer Rapp; La Palma Police     ) |                                   |
| Sergeant Faust; Lynn Fulton, LVN         ) |                                   |
| and DOES 1 through 10 Inclusive          ) |                                   |
|                                          ) |                                   |
|                Defendants.               ) |                                   |
|                                          ) |                                   |
|_____) |                                   |

    IT IS HEREBY ORDERED, following stipulation of counsel, as follows:

Plaintiff seeks discovery of confidential police personnel records relating to

defendants Officer Won Koh, Officer Brian Rapp and Officer Margaret Faust

consisting of confidential POST records of training for such officers.   Such

documents shall be subject to this Protective Order as follows:

    1. The protected documents will be clearly designated prior to the disclosure

or production of such Protected Documents, and will bear the notation of

"Confidential" on each page provided the notation does not obscure or obliterate

the document's contents.  All Protected Documents shall be subject to this

Protective Order as follows.

2. Each person receiving any of the Protected Documents shall not disclose to any person or entity, in any manner, including orally, any of the Protected Documents or any of the information contained therein, except when used for purposes of this litigation pursuant to this protective order.

3. The Protected Documents and all information contained therein, may only be disclosed to the following "qualified" persons:

    a. Counsel of record for the parties to this civil litigation;

    b. Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in subparagraph (a); and, investigators, expert witnesses and other persons legitimately involved in litigation-related activities for the counsel of record; and

    c. Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action.

    d. With the exception of the Court and court personnel (who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal), all persons receiving a copy of the Protected Documents shall, before receiving such protected information, be given a copy of this Protective Order and a compliance agreement (in the form attached hereto as Exhibit "A") and shall execute the compliance agreement, and return the original of the compliance agreement to the attorney who gives him/her the protected information.  It shall be the responsibility of the respective attorneys to distribute compliance agreements, and then collect and maintain custody of the executed originals of the compliance agreements.

4. The confidential information may be disclosed to the Court and court personnel, in connection with this litigation.  Protected Documents that a party

intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in accordance with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5.  Counsel intending to use information from Protected Documents must both (a) apply to submit unredacted documents containing information from Protected Documents under seal and (b) file public versions of the same documents with the information from Protected Documents redacted.

      5.  In the event this matter proceeds to trial, to the extent that any of the Protected Documents are offered into evidence, those Protected Documents will become public, unless sufficient cause is shown in advance of trial to proceed otherwise.

      6.  The court reporter, videographer, and audiographer, if any, who record all or part of any deposition in this matter, which include Protected Documents or descriptions thereof shall be subject to this Order and precluded from providing any portions of the original deposition videotape, audiotape, or exhibits which relate to the Protected Documents or information  to any persons other than counsel of record, absent order of the court.

      7.  Those attending any future deposition(s) shall be bound by this Order and, therefore, shall not disclose to any person or entity, in any manner, including orally, any reference to the Protected Documents or content thereof made by such person during the course of said depositions.

      8.  At any future deposition(s), should there be persons in attendance who are not authorized to access to the Protected Documents or information, such persons shall be removed from the deposition room at any time information relating to the Protected Documents or protected information is disclosed or discussed.

      9.  The Protected Documents shall be used solely in connection with the preparation and trial of this action, entitled <u>Louis Fagundes v. City of La Palma, et</u>

1  <u>al.</u> bearing case number CV14-00877 AG (JCGx), or any related appellate
2  proceeding, and not for any other purpose, including, without limitation, any other
3  litigation or administrative proceedings or any investigation related thereto.
4       10.  This Order may not be modified unless by written consent of the parties
5  and approval of the Court.  Any party may move for a modification of this Order at
6  any time.  Upon receipt and review of the documents produced pursuant to this
7  protective order, any party may move to remove the confidential designation of
8  any document after meeting and conferring with opposing counsel and pursuant to
9  the procedures governing discovery motions set forth in Local Rule 37.
10      11.  This Order is made for the purpose of ensuring that the Protected
11 Documents will remain confidential, unless otherwise ordered by the Court or in
12 response to a successful motion by a party made pursuant to Paragraph 10.
13      12.  At the conclusion of this litigation, upon request of defense counsel,
14 plaintiff's counsel shall return the Protected Documents to Mark D. Rutter, Esq.,
15 Carpenter, Rothans & Dumont, 888 S. Figueora Street, Suite 1960, Los Angeles,
16 California 90017.  Alternatively, the receiving parties and every other person
17 and/or entity who received originals or copies of the protected information may
18 destroy all such material and material derived therefrom within thirty (30) calendar
19 days after the conclusion of this case.  Additionally, within thirty (30) calendar
20 days after the conclusion of this case, counsel for the receiving parties shall send a
21 signed declaration stating that such material has been destroyed pursuant to this
22 Protective Order.
23      13.  Nothing in this Order shall be construed as authorizing a party to
24 disobey a lawful subpoena issued in another action.
25
26                              **GOOD CAUSE**
27      The parties submit that GOOD CAUSE exists to enter the proposed
28 protective order to balance the defendants' concerns that the documents consist of

4

1 statements from confidential police personnel records and private information
2 concerning a party to this litigation as protected by the official information
3 privilege, law enforcement privilege, right to privacy, as well as protected by
4 California Penal Code §832.7 et seq. and the United States Constitution, with
5 plaintiff's right to discovery in this litigation.  The parties agree that all documents
6 marked confidential and produced pursuant to this protective order are subject to
7 the terms of this protective unless otherwise ordered by the Court.
8 **IT IS SO ORDERED**.

10 DATED: March 9, 2015                    _____
                                          Honorable Jay C. Gandhi
11                                         U.S. District Magistrate Judge

**EXHIBIT A**

COMPLIANCE AGREEMENT

I, _____, do solemnly swear that I have received a copy of and am fully familiar with the terms of the PROTECTIVE ORDER REGARDING CONFIDENTIAL POLICE PERSONNEL RECORDS in the case of <u>Louie Fagundes v. City of La Palma, et al.</u>, Case No. CV14-00877 AG (JCGx) and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing such Order.

Dated: _____

_____
Sign Name

_____
Print Name

_____
Address

_____

(\_\_\_)_____
Phone Number